# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| TracBeam, LLC, | Case No. 6:17-cv-525 |
| Plaintiff, | Jury Trial Demanded |
| v. | |
| Cisco Systems, Inc., | |
| Defendant. | |

## COMPLAINT FOR INFRINGEMENT

Plaintiff TracBeam, LLC files suit against Defendant Cisco Systems, Inc., alleging direct and indirect infringement of U.S. Patent Nos. 7,298,327; 7,525,484; 7,764,231; 9,237,543; and 9,277,525.  The accused products are Cisco's wireless location determining and tracking products and services, and associated equipment, applications, and APIs.

## Plaintiff TracBeam and the Asserted Patents

1.      Plaintiff TracBeam, LLC is an inventor-owned company that has been awarded numerous patents relating to fundamental innovations in wireless location technology for use in enterprise and consumer environments, including indoors.  TracBeam is a limited liability company organized and existing under the laws of the State of Colorado.  The company is owned and managed by lead inventor Dr. Dennis Dupray.  TracBeam is the owner of each of the following patents.

2.      U.S. Patent No. 7,298,327, entitled "Geographic Location Using Multiple Location Estimators," issued on November 20, 2007, with 80 claims.  Cisco has known of the '327 patent since at least September 2011, when it received a letter from TracBeam specifically

identifying the '327 patent.  A copy of the '327 patent is attached as <u>Exhibit 1</u>.

3.     U.S. Patent No. 7,525,484, entitled "Gateway and Hybrid Solutions for Wireless Location," issued on April 28, 2009, with 77 claims.  Cisco has known of the '484 patent since at least September 2011, when it received a letter from TracBeam specifically identifying the '484 patent.  In addition, Cisco has cited the issued '484 patent in a number of its own patent filings, including at least the following:  U.S. Patent Nos. 8,090,377; 7,941,108, 9,258,724, 8,559,972, and 8,712,436, further evidencing Cisco's knowledge of the TracBeam patent portfolio and the asserted '484 patent.  A copy of the '484 patent is attached as <u>Exhibit 2</u>.

4.     U.S. Patent No. 7,764,231, entitled "Wireless Location Using Multiple Mobile Station Location Techniques," issued on July 27, 2010, with 232 claims.  Cisco has known of the '231 patent since at least September 2011, when it received a letter from TracBeam specifically identifying the '231 patent.  A copy of the '231 patent is attached as <u>Exhibit 3</u>.

5.     U.S. Patent No. 9,237,543, entitled "Wireless Location Using Signal Fingerprinting and Other Location Estimators," issued on January 12, 2016, with 123 claims, and with more than 1,000 references cited on the face of the patent, including the opinions expressed in the expert reports of Defendants in the prior litigations.  The application that led to the issuance of the '543 patent was published on July 10, 2008, as US2008/0167049 A1, and that application has been cited in several Cisco patent filings, including the following Cisco patents: U.S. Patent Nos. 7,633,914; 7,636,339; 7,639,634; 7,706,339; 7,831,270; 7,860,070; 7,869,386; 7,941,108; 8,045,998; 8,085,671; 8,090,377; 8,126,494; 8,189,460; 8,260,338; 8,472,418; 8,495,142; 8,559,972; 8,570,909; 8,712,436; 8,831,664; 8,874,159; 9,112,746; 9,258,724.  Cisco was either aware of the '543 patent when, or shortly after, it issued or was willfully blind to the issued patent's existence.  A copy of the '543 patent is attached as <u>Exhibit 4</u>.

6.     U.S. Patent No. 9,277,525, entitled "Wireless Location Using Location Estimators," issued on March 1, 2016, with 28 claims, and with more than 1,000 references cited on the face of the patent, including the opinions expressed in the expert reports of Defendants in the prior litigations.  The application that led to the issuance of the '525 patent was published on October 24, 2013, as US2013/0281115 A1.  Through its knowledge of the other asserted patents and its research on the TracBeam patent portfolio, Cisco knew of the '525 patent at the time it issued or soon thereafter or was willfully blind to its existence.  A copy of the '525 patent is attached as Exhibit 5.

**Defendant Cisco and the Accused Instrumentalities**

7.     Defendant Cisco Systems, Inc. is a California corporation with executive offices in San Jose, California, and with numerous places of business relevant to this case located throughout the country and in the State of Texas, including the Cisco campus located within this District at 2300 E. President George Bush Hwy, Richardson, TX 75082.

8.     Cisco has developed, manufactured, imported, offered for sale, promoted, sold, used, configured and installed, and operated numerous enterprise and commercial platforms, products, and services that determine, track, manage, report, use, and provide access to and analytics concerning the location of devices, vehicles, assets, and people.  This includes the following:  Cisco Unified Wireless Location-Based Services, Cisco Location Solution, Cisco Location Services, Cisco Wireless Control System (WCS), Cisco Location Appliance, Cisco Enterprise Mobility Services Platform (EMSP), Cisco Prime Infrastructure, Cisco Wireless LAN Controller (WLC), Cisco Mobility Services Engine (MSE) (including the Location Engine and Analytics Engine), Cisco's Context Aware Services, Cisco Connected Mobile Experiences

(CMX) (including CMX Cloud, Connect, Engage, Analytics, FastLocate, Hyperlocation), Cisco Clean Air, Cisco Identity Service Engine (ISE), Cisco Integrated Services Routers, Cisco Aironet Access Points, Cisco Maps, Cisco's Internet of Things and Internet of Everything products and services, Cisco Asset Management (for Sites and for Manufacturing), and Cisco Fleet Management (collectively "Cisco's accused products" or "the accused products").

9.      Cisco's accused products have been used by Cisco and by its enterprise and commercial customers to determine the location of wireless devices (such as smartphones, tablets, routers and access points, and tags), vehicles, assets, and people using a variety of wireless signals (*e.g.*, WiFi, Bluetooth, cellular signals, and satellite signals) and location determining techniques, including techniques and algorithms that utilize RF Fingerprinting and Location Patterning based on WiFi and RFID signals; Received Signal Strength Indicator (RSSI) measurements, time difference of arrival (TDOA), and angle of arrival (AOA) measurements of WiFi signals (Probe and Data); Bluetooth Low Energy (including the use of virtual beacons); location smoothing, machine learning, and statistical analysis algorithms and processes; GPS and GLONASS; and sensor data.

**Jurisdiction and Venue**

10.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq*.  The Court has original jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

11.      Venue is proper in this district pursuant to 28 U.S.C. §1400(b) because Cisco has committed acts of infringement within the district and has a regular and established place of business within the district, including Cisco's Richardson campus located at 2300 E President

George Bush Hwy, Richardson, TX 75082.  Furthermore, this district is more convenient to

TracBeam and to several material third parties and is no less convenient to Cisco than any other

district Cisco may strategically prefer over this one, given the location of party and third party

witnesses and sources of proof.  In addition, this Court has presided over matters involving the

same patent family and the asserted '327, '484, and '231 patents in particular.  *TracBeam, LLC*

*v. T-Mobile US Inc., et al.*, case no. 6-14-cv-00678-RWS (E.D. Tex.); *TracBeam, LLC v. Apple*

*Inc.*, case no. 6-14-cv-00680-RWS (E.D. Tex.).[1]  Furthermore, as a result of the prior suits, this

Court has substantial experience and institutional knowledge interpreting the asserted patents and

their shared specifications and in evaluating and deciding issues that will arise in this case.[2]

## COUNT I
## Infringement of '327 patent

12.     TracBeam incorporates by reference the allegations of the foregoing paragraphs

of this Complaint and further alleges as follows.

13.     On November 20, 2007, the United States Patent and Trademark Office issued

U.S. Patent No. 7,298,327, entitled "Geographic Location Using Multiple Location Estimators."

Ex. 1.

14.     Plaintiff TracBeam is the owner of the '327 patent with full rights to pursue

recovery of royalties or damages for infringement of the patent, including full rights to recover

---

[1] In the prior suit Apple challenged venue but was unsuccessful.  *See* dkt. 55 in 680 case
(Memorandum and Order denying Motion To Transfer, entered 9/29/2015); *In re: Apple Inc.*,
Appeal 2016-103, dkt. 18 (Order denying Petition for Writ of Mandamus, entered November 25,
2015) (nonprecedential).  T-Mobile also challenged venue but withdrew its motion in advance of
a scheduled oral argument before this Court.  Dkt. 264 in 678 case at 1 ("T-Mobile hereby
withdraws its Motion to Transfer Venue (Dkt. 45 and the corresponding briefing at Dkt. 82, 92,
and 96)").
[2] This Court is also presiding over *TracBeam, LLC v. Microsoft Corporation*, case no.
6:17-cv-00426-RWS (E.D. Tex.), in which the '327, '484, and '231 patents are also asserted.

past and future damages.

15.     Each claim of the '327 patent is valid and enforceable and is patent-eligible.  The claims recite novel and unconventional methods and systems for locating communication devices and are drawn to technical solutions for solving technical problems in wirelessly locating, tracking, and evaluating the location of communication devices.  This will be established by analysis of the '327 patent's claims, specification, and prosecution history, and by the Court's claim constructions; by comparing the '327 patent's claimed inventions to the teachings and solutions for wireless location and tracking identified in prior art and post art, including in the references considered during prosecution of the '327 patent and the other asserted patents and in Cisco's own research, publications, and patent filings; and by the admissions that will be obtained in this case from Cisco's own witnesses and experts.

16.     Cisco has directly infringed the '327 patent, including by performing the method of claim 1 (as an example) in locating wireless devices using RSSI, RF Fingerprinting, AoA, BLE, TDOA, and/or GPS location determining techniques and algorithms (a) in the course of Cisco's use of the accused products to locate, track, and manage its own employees, devices, assets, and vehicles, (b) in the course of Cisco's developing, testing, and demonstrating the accused products internally and to distributors and customers, and (c) in the course of operating the accused products (remotely and in those situations in which Cisco is hosting or managing the client's software or servers or operating the cloud based versions of its products).

17.     Cisco has also actively induced infringement of the '327 patent by enterprise and commercial customers of the accused products.  As set forth above, Cisco has had actual knowledge of the '327 patent since at least September 2011.  Moreover, Cisco has taken steps to induce the direct infringement committed by its customers by encouraging, promoting,

6

facilitating, enabling, and instructing its customers to use the accused products in a manner that infringes claim 1 of the '327 patent (as an example).  The inducing acts include the design, development, marketing, sale, configuration, installation, and demonstration of the accused products and their location determining processes and algorithms, and the creation, publication, and provision of SDKs, developer tools and extensions, libraries, developer documentation, white papers, tutorials, presentations, videos, online and in-person training courses and certification programs, blogs, FAQs (and responses thereto), user guides and manuals, and design guides, including the materials and resources presented or available at Cisco Live!, DevNet, Cisco's Sandbox testing environment, Cisco's Design Zone, and Cisco's Innovation Centers.  The foregoing acts are designed to and have encouraged, instructed, and resulted in the performing of acts of location determination, tracking, evaluation and adjustment, and reporting that infringe at least claim 1 of the '327 patent.

18.     Cisco's infringement of the '327 patent has been knowing, willful, and egregious, beginning at least as early as September 2011, the latest date by which Cisco knew of the '327 patent and knew that its conduct constituted and resulted in infringement of the patent, without any basis for disputing infringement, validity, or enforceability of the patent.

19.     TracBeam has been damaged by Cisco's infringement of the '327 patent and is entitled to reasonable royalty damages and enhanced damages due to Cisco's willful infringement.

## COUNT II
### Infringement of '484 patent

20.     TracBeam incorporates by reference the allegations of the foregoing paragraphs of this Complaint and further alleges as follows.

21.     On April 28, 2009, the United States Patent and Trademark Office issued U.S. Patent No. 7,525,484, entitled "Gateway and Hybrid Solutions for Wireless Location."  Ex. 2.

22.     Plaintiff TracBeam is the owner of the '484 patent with full rights to pursue recovery of royalties or damages for infringement of the patent, including full rights to recover past and future damages.

23.     Each claim of the '484 patent is valid and enforceable and is patent-eligible.  The claims recite novel and unconventional methods and systems for requesting, obtaining, providing access to, determining, and evaluating location information for mobile stations and are drawn to technical solutions for solving technical problems in wirelessly locating, tracking, and evaluating such stations and their location information.  This will be established by analysis of the '484 patent's claims, specification, and prosecution history, and by the Court's claim constructions; by comparing the '484 patent's claimed inventions to the teachings and solutions for wireless location and tracking identified in prior art and post art, including in the references considered during prosecution of the '484 patent and the other asserted patents and in Cisco's own research, publications, and patent filings; and by the admissions that will be obtained in this case from Cisco's own witnesses and experts.

24.     Cisco has directly infringed the '484 patent, including by performing the method of claim 25 (as an example) in requesting the location of, and locating, wireless devices using RSSI, RF Fingerprinting, AoA, BLE, TDOA, and/or GPS location determining techniques and algorithms in the manner set forth by the claim, and transmitting the resulting location information via network transmissions to Cisco servers and servers of Cisco's customers. Continuing with this example, Cisco has performed each element of claim 25 itself (a) in the course of Cisco's use of the accused products to locate, track, and manage its own employees,

devices, assets, and vehicles, (b) in the course of Cisco's developing, testing, and demonstrating the accused products internally and to distributors and customers, and (c) in the course of operating the accused products (remotely and in those situations in which Cisco is hosting or managing the client's software or servers or operating the cloud based versions of its products).

25.     Cisco has also actively induced infringement of the '484 patent by enterprise and commercial customers of the accused products.  As set forth above, Cisco has had actual knowledge of the '484 patent since at least September 2011.  Moreover, Cisco has taken steps to induce the direct infringement committed by its customers by encouraging, promoting, facilitating, enabling, and instructing its customers to use the accused products in a manner that infringes claim 25 of the '484 patent (as an example).  The inducing acts include the design, development, marketing, sale, configuration, installation, and demonstration of the accused products and their location determining processes and algorithms, and the creation, publication, and provision of SDKs, developer tools and extensions, libraries, developer documentation, white papers, tutorials, presentations, videos, online and in-person training courses and certification programs, blogs, FAQs (and responses thereto), user guides and manuals, and design guides, including the materials and resources presented or available at Cisco Live!, DevNet, Cisco's Sandbox testing environment, Cisco's Design Zone, and Cisco's Innovation Centers.  The foregoing acts are designed to and have encouraged, instructed, and resulted in the performing of acts of location determination, tracking, evaluation and adjustment, and reporting that infringe at least claim 25 of the '484 patent.

26.     Cisco's infringement of the '484 patent has been knowing, willful, and egregious, beginning at least as early as September 2011, the latest date by which Cisco knew of the '484 patent and knew that its conduct constituted and resulted in infringement of the patent, without

any basis for disputing infringement, validity, or enforceability of the patent.

27.     TracBeam has been damaged by Cisco's infringement of the '484 patent and is entitled to reasonable royalty damages and enhanced damages due to Cisco's willful infringement.

## COUNT III
### Infringement of '231 patent

28.     TracBeam incorporates by reference the allegations of the foregoing paragraphs of this Complaint and further alleges as follows.

29.     On July 27, 2010, the United States Patent and Trademark Office issued U.S. Patent No. 7,764,231, entitled "Wireless Location Using Multiple Mobile Station Location Techniques."  Ex. 3.

30.     Plaintiff TracBeam is the owner of the '231 patent with full rights to pursue recovery of royalties or damages for infringement of the patent, including full rights to recover past and future damages.

31.     Each claim of the '231 patent is valid and enforceable and is patent-eligible.  The claims recite novel and unconventional methods and systems for locating mobile stations and are drawn to technical solutions for solving technical problems in wirelessly locating, tracking, and evaluating such stations and their location information.  This will be established by analysis of the '231 patent's claims, specification, and prosecution history, and by the Court's claim constructions; by comparing the '231 patent's claimed inventions to the teachings and solutions for wireless location and tracking identified in prior art and post art, including in the references considered during prosecution of the '231 patent and the other asserted patents and in Cisco's own research, publications, and patent filings; and by the admissions that will be obtained in this

case from Cisco's own witnesses and experts.

32.     Cisco has directly infringed the '231 patent, including by performing the method of claim 30 (as an example) in locating wireless devices using RSSI, RF Fingerprinting, AoA, BLE, TDOA, and/or GPS location determining techniques and algorithms (a) in the course of Cisco's use of the accused products to locate, track, and manage its own employees, devices, assets, and vehicles, (b) in the course of Cisco's developing, testing, and demonstrating the accused products internally and to distributors and customers, and (c) in the course of operating the accused products (remotely and in those situations in which Cisco is hosting or managing the client's software or servers or operating the cloud based versions of its products).

33.     Cisco has also actively induced infringement of the '231 patent by enterprise and commercial customers of the accused products.  As set forth above, Cisco has had actual knowledge of the '231 patent since at least September 2011.  Moreover, Cisco has taken steps to induce the direct infringement committed by its customers by encouraging, promoting, facilitating, enabling, and instructing its customers to use the accused products in a manner that infringes claim 30 of the '231 patent (as an example).  The inducing acts include the design, development, marketing, sale, configuration, installation, and demonstration of the accused products and their location determining processes and algorithms, and the creation, publication, and provision of SDKs, developer tools and extensions, libraries, developer documentation, white papers, tutorials, presentations, videos, online and in-person training courses and certification programs, blogs, FAQs (and responses thereto), user guides and manuals, and design guides, including the materials and resources presented or available at Cisco Live!, DevNet, Cisco's Sandbox testing environment, Cisco's Design Zone, and Cisco's Innovation Centers.  The foregoing acts are designed to and have encouraged, instructed, and resulted in the

performing of acts of location determination, tracking, evaluation and adjustment, and reporting that infringe at least claim 30 of the '231 patent.

34.     Cisco's infringement of the '231 patent has been knowing, willful, and egregious, beginning at least as early as September 2011, the latest date by which Cisco knew of the '231 patent and knew that its conduct constituted and resulted in infringement of the patent, without any basis for disputing infringement, validity, or enforceability of the patent.

35.     TracBeam has been damaged by Cisco's infringement of the '231 patent and is entitled to reasonable royalty damages and enhanced damages due to Cisco's willful infringement.

### COUNT IV
### Infringement of '543 patent

36.     TracBeam incorporates by reference the allegations of the foregoing paragraphs of this Complaint and further alleges as follows.

37.     On January 12, 2016, the United States Patent and Trademark Office issued U.S. Patent No. 9,237,543, entitled "Wireless Location Using Signal Fingerprinting and Other Location Estimators."  Ex. 4.

38.     Plaintiff TracBeam is the owner of the '543 patent with full rights to pursue recovery of royalties or damages for infringement of the patent, including full rights to recover past and future damages.

39.     Each claim of the '543 patent is valid and enforceable and is patent-eligible.  The claims recite novel and unconventional methods and systems for wirelessly locating mobile units and are drawn to technical solutions for solving technical problems in wirelessly locating, tracking, and evaluating such units and their location information.  This will be established by

analysis of the '543 patent's claims, specification, and prosecution history, and by the Court's

claim constructions; by comparing the '543 patent's claimed inventions to the teachings and

solutions for wireless location and tracking identified in prior art and post art, including in the

references considered during prosecution of the '543 patent and the other asserted patents and in

Cisco's own research, publications, and patent filings; and by the admissions that will be

obtained in this case from Cisco's own witnesses and experts.

      40.      Cisco has directly infringed the '543 patent, including by performing the method

of claim 1 (as an example) in locating and tracking wireless devices using RSSI, RF

Fingerprinting, AoA, BLE, TDOA, and/or GPS location determining techniques and algorithms

(a) in the course of Cisco's use of the accused products to locate, track, and manage its own

employees, devices, assets, and vehicles, (b) in the course of Cisco's developing, testing, and

demonstrating the accused products internally and to distributors and customers, and (c) in the

course of operating the accused products (remotely and in those situations in which Cisco is

hosting or managing the client's software or servers or operating the cloud based versions of its

products).

      41.      Cisco has also actively induced infringement of the '543 patent by enterprise and

commercial customers of the accused products.  As set forth above, Cisco knew of the '543

patent at the time it issued or soon thereafter, or was willfully blind to its existence.  Moreover,

Cisco has taken steps to induce the direct infringement committed by its customers by

encouraging, promoting, facilitating, enabling, and instructing its customers to use the accused

products in a manner that infringes claim 1 of the '543 patent (as an example).  The inducing acts

include the design, development, marketing, sale, configuration, installation, and demonstration

of the accused products and their location determining processes and algorithms, and the

creation, publication, and provision of SDKs, developer tools and extensions, libraries, developer

documentation, white papers, tutorials, presentations, videos, online and in-person training

courses and certification programs, blogs, FAQs (and responses thereto), user guides and

manuals, and design guides, including the materials and resources presented or available at Cisco

Live!, DevNet, Cisco's Sandbox testing environment, Cisco's Design Zone, and Cisco's

Innovation Centers.  The foregoing acts are designed to and have encouraged, instructed, and

resulted in the performing of acts of location determination, tracking, evaluation and adjustment,

and reporting that infringe at least claim 1 of the '543 patent.

42.     Cisco's infringement of the '543 patent has been knowing, willful, and egregious,

beginning at the time the patent issued, and Cisco knew that its conduct constituted and resulted

in infringement of the patent, without any basis for disputing infringement, validity, or

enforceability of the patent.

43.     TracBeam has been damaged by Cisco's infringement of the '543 patent and is

entitled to reasonable royalty damages and enhanced damages due to Cisco's willful

infringement.


### COUNT V
### Infringement of '525 patent

44.     TracBeam incorporates by reference the allegations of the foregoing paragraphs

of this Complaint and further alleges as follows.

45.     On March 1, 2016, the United States Patent and Trademark Office issued U.S.

Patent No. 9,277,525, entitled "Wireless Location Using Location Estimators."  Ex. 5.

46.     Plaintiff TracBeam is the owner of the '525 patent with full rights to pursue

recovery of royalties or damages for infringement of the patent, including full rights to recover

past and future damages.

47.     Each claim of the '525 patent is valid and enforceable and is patent-eligible.  The claims recite novel and unconventional methods and systems for wirelessly locating mobile units and are drawn to technical solutions for solving technical problems in wirelessly locating, tracking, and evaluating such units and their location information.  This will be established by analysis of the '525 patent's claims, specification, and prosecution history, and by the Court's claim constructions; by comparing the '525 patent's claimed inventions to the teachings and solutions for wireless location and tracking identified in prior art and post art, including in the references considered during prosecution of the '525 patent and the other asserted patents and in Cisco's own research, publications, and patent filings; and by the admissions that will be obtained in this case from Cisco's own witnesses and experts.

48.     Cisco has directly infringed the '525 patent, including by performing the method of claim 1 (as an example) in locating and tracking wireless devices using RSSI, RF Fingerprinting, AoA, BLE, TDOA, and/or GPS location determining techniques and algorithms (a) in the course of Cisco's use of the accused products to locate, track, and manage its own employees, devices, assets, and vehicles, (b) in the course of Cisco's developing, testing, and demonstrating the accused products internally and to distributors and customers, and (c) in the course of operating the accused products (remotely and in those situations in which Cisco is hosting or managing the client's software or servers or operating the cloud based versions of its products).

49.     Cisco has also actively induced infringement of the '525 patent by enterprise and commercial customers of the accused products.  As set forth above, Cisco knew of the '525 patent at the time it issued or soon thereafter, or was willfully blind to its existence.  Moreover,

Cisco has taken steps to induce the direct infringement committed by its customers by encouraging, promoting, facilitating, enabling, and instructing its customers to use the accused products in a manner that infringes claim 1 of the '525 patent (as an example).  The inducing acts include the design, development, marketing, sale, configuration, installation, and demonstration of the accused products and their location determining processes and algorithms, and the creation, publication, and provision of SDKs, developer tools and extensions, libraries, developer documentation, white papers, tutorials, presentations, videos, online and in-person training courses and certification programs, blogs, FAQs (and responses thereto), user guides and manuals, and design guides, including the materials and resources presented or available at Cisco Live!, DevNet, Cisco's Sandbox testing environment, Cisco's Design Zone, and Cisco's Innovation Centers.  The foregoing acts are designed to and have encouraged, instructed, and resulted in the performing of acts of location determination, tracking, evaluation and adjustment, and reporting that infringe at least claim 1 of the '525 patent.

50.     Cisco's infringement of the '525 patent has been knowing, willful, and egregious, beginning at the time the patent issued, and Cisco knew that its conduct constituted and resulted in infringement of the patent, without any basis for disputing infringement, validity, or enforceability of the patent.

51.     TracBeam has been damaged by Cisco's infringement of the '525 patent and is entitled to reasonable royalty damages and enhanced damages due to Cisco's willful infringement.

## **Demand for Jury Trial**

Plaintiff TracBeam demands trial by jury on all claims and issues triable by jury.

**Relief requested**

Plaintiff TracBeam respectfully requests the following relief from this Court:

A.      A judgment in favor of TracBeam that (i) Cisco has infringed U.S. Patent Nos. 7,298,327; 7,525,484; 7,764,231; 9,237,543; and 9,277,525, and (ii) the asserted patents are valid, enforceable, and patent-eligible;

B.      A judgment and order requiring Cisco to pay TracBeam compensatory damages, costs, expenses, and pre- and post-judgment interest for Cisco's infringement of the asserted patents, as provided under 35 U.S.C. §284;

C.      A judgment that Cisco has willfully infringed the asserted patents and that TracBeam is entitled to enhanced damages as a result of such willful infringement;

D.      A finding that this case is exceptional under 35 U.S.C. §285, at minimum due to Cisco's willful infringement, and an award of TracBeam's reasonable attorney's fees and costs;

E.      Any and all other relief to which Plaintiff TracBeam may be entitled.


Date:  September 14, 2017                    Respectfully submitted,


                                    By:    /s/ *Jeff Eichmann*
                                        John Jeffrey Eichmann
                                        CA State Bar No. 227472
                                        (Admitted in the Eastern District of Texas)
                                        Dovel & Luner LLP
                                        201 Santa Monica Blvd., Suite 600
                                        Santa Monica, CA 90401
                                        jeff@dovel.com
                                        310-656-7066
                                        310-656-7069 (fax)

                                        S. Calvin Capshaw
                                        TX Bar No. 03783900
                                        Elizabeth L. DeRieux
                                        TX Bar No. 05770585
                                        D. Jeffrey Rambin

TX Bar No. 00791478
CAPSHAW DERIEUX, LLP
114 E. Commerce
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
capshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

Robert Christopher Bunt
TX Bar No. 00787165
Charles Ainsworth
TX Bar No. 00783521
PARKER, BUNT & AINSWORTH PC
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
rcbunt@pbatyler.com
charley@pbatyler.com

**Attorneys for Plaintiff**
**TracBeam, LLC**